UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action No. 14-155-HRW

ALYSAN J. POWELL, PLAINTIFF,

v. **MEMORANDUM OPINION AND ORDER**

WAL-MART STORES, INC.,
WAL-MART STORES EAST, LP,
a/k/a WAL-MART STORES EAST, LP,
WAL-MART STORE NO. 1426 and
MELODY MOUNTAIN ASSOCIATES, LTD., DEFENDANTS.

This matter is before the Court upon Plaintiff's Motion to Remand [Docket No.. 6]. The motion has been fully briefed by the parties [Docket Nos. 6 and 13]. For the reasons set forth herein, the Court finds remand is not warranted.

I.  FACTUAL AND PROCEDURAL BACKGROUND

This is a premises liability case. Plaintiff claims she slipped and fell on cherries on the Ashland Wal-Mart store floor on August 13, 2013. She filed a lawsuit in Boyd Circuit Court against Defendants, alleging negligence and seeking damages for her medical expenses, lost wages, pain and suffering, and impaired earning capacity. [Docket No. 6-1]. In her Complaint, Plaintiff states that she is resident of Kentucky and that Defendant Wal-Mart Stores, Inc. is an Arkansas corporation, and the Wal-Mart Stores East, LP is a "foreign corporation." *Id.* at ¶¶ 2 and 4 The Complaint is devoid of any monetary amount. The only allegation in this regard is that the amount in controversy is sufficient to invoke the jurisdiction of the Boyd Circuit Court. *Id.* at ¶ 10.

Defendants were properly served, filed Answers to the Complaint and served written discovery upon Plaintiff. Included in the discovery was the following Request for Admission: "Please admit that you will not seek damages in excess of $75,000, exclusive of interest and costs, at the trial of this matter.

On September 26, 2014, Plaintiff respond to the Request for Admission:

> The damages to be awarded to Ms. Powell as a result of the issues set forth in her Complaint will be presented to a jury and the jury will determine the amount of damages based upon the evidence presented at the trial of this matter. Ms. Powell's medical treatment as a result of the matters set forth in her Complaint is continuing, and discovery has just started in this case at this time. As such, **Plaintiff must deny this Request for Admission**, indicating that the appropriate amount of the award will be presented to the jury for determination based upon the facts as developed through discovery in this matter.
>
> **All matters not expressly admitted are hereby denied**.

[Docket No. 6-5](emphasis added).

Defendants received Plaintiff's responses to discovery on or about September 29, 2016. On October 23, 2014, Defendants filed a Notice of Removal, alleging jurisdiction upon the basis of diversity and pursuant to 28 U.S.C. § 1332. [Docket No. 1].

Plaintiff seeks remand to Boyd Circuit Court. She argues, first, that Defendants' removal was untimely and, therefore, improper. She also argues that Defendants failed to provide sufficient evidence that the amount in controversy exceeds $75,000.

## II. ANALYSIS

Actions filed in state court are properly removed to federal court when the case is one over which the court would have originally had jurisdiction. 28 U.S.C. § 1441. A state court

case between citizens of different sates and where the amount in controversy exceeds $75,000 is subject to removal upon the basis of "diversity", as defined in 28 U.S.C. 1332.

### A. Defendants' removal was timely.

28 U.S.C. § 1446 governs the timeliness of the removal:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446 (1).

The statute further provides:

> Except as provided in subsection ©, if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

Therefore, pursuant to § 1446(b)(3), if the amount in controversy does not appear upon the face of complaint, the thirty-day period will run anew upon the receipt by the defendant of some subsequently filed pleading or discovery establishing it. *See, e.g., Ellis v. Logan Co.*, 543 F.Supp. 586, 589 (W.D.Ky.1982) ("removal petition was timely filed by the defendant within 30 days of receipt of answers to interrogatories" pursuant to § 1446(b)).

Based upon the record before this Court, it is clear that not until Defendants received

3

Plaintiff's Response to their Request for Admission on or about September 26, 2014, that they had sufficient knowledge upon which to remove this case to federal court, to-wit, that the amount in controversy exceeded $75,000, exclusive of costs and interest. Therefore, Defendants had thirty days from September 29, 2014 in which to file their Notice of Removal. They did so on October 23, a few days shy of the thirty day deadline.

Plaintiff, however, maintains that Defendants' Notice of Removal as untimely because it was filed more than thirty days from the filing of her Complaint. She contends that Defendants should have realized that she was seeking in excess of $75,000 for her claims from the Complaint.

This argument is untenable. Plaintiff acknowledges that her prayer for relief did not include a specific dollar amount of damages. She further acknowledges that in her response to the Request for Admission in this regard, she did not admit to anything, but fell upon the default of "anything not admitted is deemed denied." Her unequivocal response to the Request for Admission cannot be described as anything other than a "paper from which it may first be ascertained that the case is one which is or has become removable." The removal was timely.

> **B.  Defendants' Notice of Removal provided sufficient evidence of the requisite amount in controversy.**

Plaintiff argues that a settlement offer by Defendants' claims handling unit, made prior to her lawsuit in state court, was under $75,000 and, therefore, there is insufficient evidence to establish diversity. This argument not lacks a legal basis but ignores Plaintiff's own actions.

First, it is well established that settlement negotiations prior to the filing of a lawsuit cannot bear upon the issue of removal and remand. As jurisdiction is determined at the time of removal,

4

events either pre or post removal do not oust diversity jurisdiction. *See e.g. Fakouri v. Pizza Hut of America, Inc.*, 824 Fed.2d 470 (6th Cir. 1987).

Moreover, Plaintiff denied Defendants' Request for Admission regarding the amount in controversy. Plaintiff's own denial provided the competent proof required to establish the amount in controversy.

### III. CONCLUSION

Defendants' Notice of Removal was both timely and sufficient. Therefore, remand is not warranted.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [Docket No. 6] be **OVERRULED**.

This 30th day of April, 2015.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge